# LAW OFFICE OF MOHAMMED GANGAT
**(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com**

September q5, 2020

Hon. Brian M. Cogan, U.S.D.J.
USDC, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

                        RE:     *Herrera et al. v. NB Network Solutions Inc. et al.*,
                                 No. 20-cv-03545-BMC

To the Hon. Cogan:

       I am counsel for plaintiffs Erika Herrera and Nestor Alvarado ("Plaintiffs") in the above-referenced action (the "Action"). Plaintiffs submit this letter motion to seek approval of the settlement agreement (the "Agreement") attached hereto as Exhibit A. Counsel for the defendants in this action has reviewed this letter and joins in this letter motion.

       The Agreement is in line with the mandate to review and approve settlements of claims brought under the Fair Labor Standards Act ("FLSA"), as set forth in the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

       Plaintiffs' complaint in this action brings claims under the FLSA and New York Labor Law ("NYLL") for unpaid wages; specifically, unpaid overtime and unpaid spread of hours pay. A *bona fide* dispute exists in this matter concerning whether Plaintiffs are entitled to any wages, overtime premiums, and damages because defendants raised a number of factual disputes, and asserted several legal defenses. claim Plaintiffs did not work as many hours as alleged.

       The parties engaged in settlement negotiations over the course of several weeks. The parties have agreed to resolve the claims for $12,500. Plaintiff submits that this is a reasonable compromise of the claims given the factual issues in dispute. Furthermore, Plaintiffs are motivated to settle by the risk that these defendants may not be able to pay any judgment Plaintiffs may win.

       The settlement amount is a fair compromise. The parties arrived at the amount of $12,500 because it represented what counsel for both sides agreed was the approximate maximum unpaid wages Plaintiffs could have sought to recover at trial, plus an additional amount as a reasonable attorneys' fee for Plaintiffs' counsel.

       The amount of the attorneys' fee is fair. Of the $12,500. The attorneys' fee in this case is calculated as one-third of the settlement amount, after deducting expenses incurred in the prosecution of this action.

       The scope of the release being given by plaintiffs to defendants is in line with *Cheeks*. As set forth in the Agreement, there is a limited release in that Plaintiff is only releasing wage and wage-related claims.

       There is no confidentiality clause.

Lastly, Plaintiff notes that this is not a case where the settlement came about because of "overreaching" by any party. Plaintiffs' counsel is experienced and well-versed in wage and hour law and duly counseled Plaintiffs on the benefits and risks of continued litigation. Settlement at this stage of the case for this amount and *in this manner* unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

As demonstrated above, the settlement that the parties seek approval from this honorable Court is a result of substantial negotiations and consists of fair and reasonable compromise by both parties given the risks and costs associated with continued litigation and trial. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement.

Respectfully Submitted,

_____
Mohammed Gangat